**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HARPREET SINGH DHALIWAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0957-HE |
| | ) | |
| DAVID MARIN, in his official capacity | ) | |
| as the Field Office Director, U.S. | ) | |
| Immigration & Customs Enforcement, | ) | |
| Oklahoma, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Harpreet Singh Dhaliwal seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).

According to the habeas petition and record, petitioner is a native and citizen of India who entered the United States at or near San Luis, Arizona on or about August 17, 2023 and was detained.  The record indicates the United States Department of Homeland Security immediately commenced removal proceedings against petitioner through service of a Notice to Appear, charging petitioner as subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(a)(6)(A)(i), as being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.  The petition indicates petitioner was released on his own recognizance.  Thereafter, he applied for asylum and received employment authorization.

On March 2, 2026, while working as a commercial truck driver, petitioner was stopped at a checkpoint and then apprehended by ICE.  The petition indicates that petitioner is currently detained by ICE at Cimarron Correctional Facility in Cushing, Oklahoma.

In the petition, petitioner claims his detention violates the INA, specifically, 8 U.S.C. 1226(a), and the Fifth Amendment due process clause.  Petitioner requests release from detention or any other relief the court deems fit.  As ordered by the court, the federal respondents have responded to the petition, asserting that petitioner's mandatory detention, pursuant to 8 U.S.C. § 1225(b)(2)(A), is proper.  In reply, petitioner urges his detention under § 1225(b)(2)(A) is improper and requests the court order respondents to provide him with an individualized bond hearing or release him under appropriate conditions of supervision.

The court concludes the habeas petition should be granted in part.  Respondents acknowledge the court's prior ruling in Campa v. Johnson, No. CIV-26-0001-HE, 2026 WL 446978 (W.D. Okla. Feb. 17, 2026), that 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(2)(A), governed petitioner's detention under circumstances similar to this case. In so ruling, the court relied on a prior ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026).  However, for the reasons stated in Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), as well as the reasons stated in Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents urge the court to hold petitioner is

2

properly held pursuant to § 1225(b)(2)(A) and deny petitioner's § 2241 petition. Upon review, the court declines to reconsider its prior rulings in Ramirez Rojas v. Noem and Campa v. Johnson. The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties. However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[1] and the Courts of Appeals in Lopez-Campos v. Raycraft, ___ F.4th ___, 2026 WL 1283891, at **1-11 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Federal Detention Center Miami, ___ F.4th ___, 2026 WL 1243395, at **1-21 (11th Cir. May 6, 2026); Barbosa da Cunha v. Freden, ___ F.4th ___, 2026 WL 1146044, at **3-23 (2d Cir. Apr. 28, 2026), among others.

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing. The court will therefore grant the habeas petition in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**. Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise

---

[1] See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).

[2] In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's other claims.

3

release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 22nd day of May, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE